USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/10/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. JOSEPH MERCOLA, DO,

                    Plaintiff,

- against -

VIJI VARGHESE,

                    Defendant.

~~PROPOSED~~ ORDER UNSEALING CASE, EXTENDING TEMPORARY RESTRAINING ORDER, AND GRANTING EXPEDITED DISCOVERY

Case No.: 1:25-cv-04355

## FACTUAL AND PROCEDURAL BACKGROUND

On April 29, 2025, Plaintiff Dr. Joseph Mercola, DO ("Plaintiff") filed a Motion for Leave to File a Civil Case Under Seal pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure and included all case initiating documents, including, but not limited to, an Order to Show Cause; Motion for an *Ex Parte* Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery; and Verified Complaint. *See* Case No. 1:25-mc-00196-LJL. On May 2, 2025, the case was assigned to the Honorable Lewis J. Liman. On May 20, 2025, the Court issued an Order, which was signed by Judge Liman on May 2, 2025, granting Plaintiff's Motion for Leave to File a Civil Case Under Seal and directed Plaintiff to file all case initiating documents under seal in the traditional manner, in paper form.

On May 23, 2025, Plaintiff filed in the traditional manner all case initiating documents, which included the Order to Show Cause; Motion for an *Ex Parte* Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery; and Verified Complaint as against Defendant Viji Varghese ("Defendant").

On May 27, 2025, at 1:58 p.m., this Court issued an Order to Show Cause granting Plaintiff's Motion for an *Ex Parte* Temporary Restraining Order, finding that Plaintiff had adduced specific facts in the Verified Complaint showing that immediate and irreparable injury would result

to Plaintiff if notice was given to Defendant and that Plaintiff's attorney had certified in writing reasons why notice should not be required to Defendant, and that the requirements under Rule 65(b) of the Federal Rules of Civil Procedure as to a likelihood of success on the merits, irreparable harm, balance of the equities, and the public interest were satisfied, which temporarily froze Plaintiff's assets in the cryptocurrency wallets and exchanges identified in the Verified Complaint until 11:59 p.m. May 28, 2025.

The Court's Order to Show Cause scheduled an in-person hearing to be held on May 28, 2025, at 11:30 a.m., at which the Court would hear argument from the parties on the issue of whether the temporary restraining order should be extended, the issue of expedited discovery, and the motion for a preliminary injunction. The Court directed Plaintiff to notify Defendant of the action by personal or electronic service of the Order to Show Cause and the annexed declarations thereto on or before 8:00 p.m., May 27, 2025. On May 27, 2025, prior to 8:00 p.m., Plaintiff electronically served Defendant the Order to Show Cause and the annexed declarations, which notified Defendant of the action. Plaintiff electronically served Defendant via Defendant's last known email addresses.

On May 28, 2025, at 11:30 a.m., the Court held the in-person hearing. Plaintiff's counsel appeared for the hearing. Defendant failed to appear for the hearing. No counsel for Defendant appeared for the hearing.

## PROPOSED ORDER

For the reasons stated by the Court on May 28, 2025, and upon the Verified Complaint; the Memorandum of Law in Support of Plaintiff's Motion for an *Ex* Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery; and upon the Declaration of Dr. Joseph Mercola,

DO; Declaration of Michael Roberts, with exhibits attached thereto; and the Declaration of Eric Montalvo, Esq., it is

ORDERED that the *Ex Parte* Temporary Restraining Order which was issued by the Court in the Order to Show Cause, dated May 27, 2025, pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure, which was to expire at 11:59 p.m. on May 28, 2025, is converted to a Temporary Restraining Order under Rule 65(b)(2) of the Federal Rules of Civil Procedure, notice having been given to Defendant on May 27, 2025, because Plaintiff has demonstrated by a preponderance of the evidence a likelihood of success on the merits in the underlying action, that Plaintiff will suffer irreparable harm, that a balance of the equities favors Plaintiff, and that the public interest weighs in Plaintiff's favor, and it is further

ORDERED that under this Temporary Restraining Order, pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure, Plaintiff's assets in the cryptocurrency wallets and exchanges identified in the Verified Complaint, including but not limited to the OKX, FalconX, Bybit, FortressTrust.com, and Kraken deposit wallets are hereby temporarily frozen until 11:59 p.m. on June 10, 2025, and that Plaintiff may request an additional extension of the Order upon a showing of good cause; and it is further

ORDERED that Plaintiff shall be permitted to engage in expedited discovery and issue third-party subpoenas to the cryptocurrency exchanges and wallet addresses alleged in the Verified Complaint and named below, which shall be initially limited to the scope described in Exhibits A-F to Plaintiff's Motion:

        a. OKX, Deposit Wallet
        b. FalconX, Deposit Wallet
        c. FortressTrust.com, Deposit Wallet
        d. Bybit, Deposit Wallet
        e. Kraken, Deposit Wallet;

and it is further

ORDERED, that no bond shall be required in this case under Rule 65(b) of the Federal Rules of Civil Procedure; and it is further

ORDERED, that this case shall remain sealed until 8:00 a.m. on June 2, 2025, and thereafter all subsequent filings in this case shall be redacted pursuant to Rule 5.2 of the Federal Rules of Civil Procedure to exclude Plaintiff's personal, identifying financial information as to the cryptocurrency wallets and exchanges alleged in the Verified Complaint; and it is further

ORDERED, that personal or electronic service of a copy of this order upon the Defendant or his counsel on or before ~~_____ o'clock in the~~ noon, June 2, 2025, shall be deemed good and sufficient service thereof.

Dated: May 30, 2025

ISSUED: 4:32 pm

Hon. Lewis A. Kaplan
United States District Judge

4