USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/28/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
DR. JOSEPH MERCOLA, DO,                       :
:
                              Plaintiff,   :                  1:25-cv-4355-GHW
:
              -v -                                     :                  ORDER
:
VIJI VARGHESE, *et al.*,                      :
:
                              Defendants.   :
:
------------------------------------------------------------------X

GREGORY H. WOODS, District Judge:

      Plaintiff filed this action May 23, 2025, Dkt. No. 1, and amended his complaint on July 18, 2025, Dkt. No. 20 ("FAC").[1] He alleges, among other things, that Defendants defrauded him out of more than $10 million in cryptocurrency assets in violation of Section 6b of the Commodity Exchange Act, 7 U.S.C. § 6b, Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), federal antiracketeering statutes, 18 U.S.C. § 1962; 18 U.S.C. § 1964, and New York common law. FAC ¶¶ 152–263. Plaintiff filed a motion for a preliminary injunction and for an order authorizing Plaintiff to seek additional expedited discovery from Defendants on July 18, 2025. Dkt. No. 28.

      Plaintiff's motion is denied without prejudice. Fed. R. Civ. P. 65(a)(1) provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." This provision "require[s] the district court to allow the adverse party sufficient time to marshal his evidence and present his arguments against the issuance of the injunction." *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 105 (2d Cir. 2009) (quotations and alterations omitted; collecting authorities); *see also Marshall Durbin Farms, Inc. v. Nat'l Farmers Org., Inc.*, 446 F.2d 353, 355–56 (5th Cir.1971) (cited with approval

---

[1] The Honorable Lewis A. Kaplan is the presiding judge in this action. *E.g.*, Dkt. No. 10. Plaintiff's motion for a preliminary injunction is currently before Judge Woods pursuant to Rule 3(c)(2) of the United States District Court for the Southern District of New York's Rules for the Division of Business Among District Court Judges, which provides that the judge currently presiding in Part I—here, Judge Woods—"shall hear and determine all emergency matters in civil cases which have been assigned to a judge when the assigned judge is absent."

in *Garcia*) (considering the complexity of the case and the substantial volume of submitted evidence and concluding that one week was not enough time to afford the adverse party a fair opportunity to oppose the preliminary injunction). Courts have required, as a prerequisite for ruling on a motion for a preliminary injunction, that the movant file proof of service on the adverse parties of the complaint and of the motion itself. *See, e.g.*, *Raven's Landing, LLC v. New York State Cannabis Control Bd.*, No. 24-cv-1581 (MKV), 2024 WL 1055000, at *1 (S.D.N.Y. Mar. 11, 2024) (denying motion for preliminary injunction because, among other reasons, petitioners "filed no proof of service on Defendants for either the petition or the motion for preliminary injunction"); *Grecia v. Brass Lion Ent., Inc.*, No. 25 CIV. 1484 (JHR) (GS), 2025 WL 1626453, at *3 (S.D.N.Y. Mar. 3, 2025) (similar); *Broadrick v. Gilroy*, No. 3:24-cv-1772 (VAB), 2024 WL 4723332, at *2 (D. Conn. Nov. 9, 2024) (declining to rule on motion for preliminary injunction where notice was not provided to defendant); *see also Juicy Couture, Inc. v. Bella Int'l Ltd.*, 930 F. Supp. 2d 489, 495 n.1 (S.D.N.Y. 2013) (noting that preliminary injunction was not binding on party that was not notified). Plaintiff has not filed proof of service of the FAC or his motion on Defendants, nor has he adduced any other evidence that he has notified Defendants of the motion. Defendants have not appeared in this case, so they will not have received notice of Plaintiff's motion by virtue of its electronic filing. *See* Dkt. No. 28 at 25 (certifying that Plaintiff has filed his motion on ECF).

Plaintiff may renew his motion for a preliminary injunction and expedited discovery by way of order to show cause. If Plaintiff wishes to proceed by way of order to show cause, Plaintiff should submit a proposed order to show cause scheduling a hearing on his motion for a preliminary injunction and expedited discovery in Courtroom 12C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, New York 10007 with the date left blank for the Court to fill in. In addition to setting out the relief Plaintiff seeks, the proposed order should require Plaintiff to serve the order, the FAC, and Plaintiff's motion on Defendant Viji Varghese in the manner permitted in Judge Kaplan's May 27,

2

2025 order, *see* Dkt. No. 10 at 1–2, and on the remaining defendants in a manner permitted under Fed. R. Civ. P. 4. The order should require Plaintiff to promptly file proof of service on the docket. The order should also provide deadlines for Defendants' opposition to Plaintiff's motion and for Plaintiff's reply, if any, to Defendants' opposition, again with the dates left blank for the Court to fill in.

Alternatively, Plaintiff may renew his motion after he has filed proof of service of the FAC and Plaintiff's motion on Defendants and Defendants have appeared in this action.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 28.

SO ORDERED.

Dated: July 28, 2025  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge  
Part I